IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> JOHN DOE, <br><br> Plaintiff-Intervenor <br><br> v. <br><br> FORD MOTOR CREDIT COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 3:06-0900 <br><br> JURY DEMAND <br><br> Judge Trauger <br> Magistrate Judge Griffin |

## CONSENT DECREE

### INTRODUCTION

This action was instituted by Plaintiff Equal Employment Opportunity Commission ("the Commission") and Plaintiff-Intervenor John Doe against Defendant Ford Motor Credit Co. pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a). The Plaintiffs' Complaints alleged that Defendant Ford Motor Credit Company violated the ADA by failing to keep confidential medical information provided to Defendant by Doe in response to Defendant's inquiries about his ability to perform job-related functions, and

that Doe suffered mental and emotional injuries as a result of Defendant's failure to keep this information confidential.

Defendant maintains that the actions of its officials were proper and lawful in all regards. However, all parties to this action desire to avoid the additional expense and delay in the litigation of this case.

This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with discrimination in employment.

This Consent Decree constitutes the complete and exclusive agreement between the Commission and Ford Motor Credit Company. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made other than those recited or referenced in this Decree. In the event this proposed Consent Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby ORDERED, ADJUDGED AND DECREED:

### I. JURISDICTION

The United States District Court for the Middle District of Tennessee, Nashville Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

A.  This Consent Decree resolves all issues and claims that were alleged or could have been alleged in the Commission's and Doe's Complaints in this cause or Charge of Discrimination No. 253-2005-02201 filed by John Doe with the Commission. This Consent Decree shall not be considered to be dispositive of any charge or issue now pending before any office of the Commission other than Charge of Discrimination No. 253-2005-02201.

B.  The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for two years.

## III. INJUNCTION PROVISIONS

A.  Defendant, its managers, officers, agents, employees, successors, and assigns are hereby enjoined from discriminating by failing to maintain the confidentiality of medical information provided to Defendant by its employees as required by the ADA.

B.  Defendant, its managers, officers, agents, employees, successors, and assigns are enjoined from retaliating against any individual because that individual is a beneficiary of this Decree, has filed a complaint, or has provided information, assistance, or participated in any other manner in this investigation or litigation.

## IV. TRAINING

Defendant shall retain an outside consultant to provide mandatory training in the workplace regarding the Americans with Disabilities Act of 1990 for its staff at its Franklin, Tennessee, facility, including all managers, supervisors, and any individuals

who may obtain, have access to, or be informed of medical information about employees at the facility.

(a) The training session will include at least two (2) hours of instruction.

(b) The training will include the following topics: what constitutes employment discrimination in violation of Americans with Disabilities Act of 1990; how to prevent, identify and remedy disability discrimination; what medical information must be kept confidential under the Americans with Disabilities Act of 1990, what constitutes retaliation in violation of ADA; and, Defendant's policies against disclosing confidential medical information, disability discrimination, and retaliation, including procedures and responsibilities for reporting, investigating and remedying complaints about conduct an employee believes may constitute employment discrimination under the Americans with Disabilities Act of 1990.

(c) The training will be conducted by the Center for Independent Living of Middle Tennessee within 180 days after entry of this Decree by the Clerk of the Court.

(d) Within ten days of each training session, Defendant shall provide Steven W. Dills, Senior Trial Attorney, with the attendance sheet that includes the date, the printed names and the signatures of those in attendance at each session. Such training will be conducted annually for the duration of the Decree within 30 days of the anniversary of the entry of the Decree. Written confirmation of the annual training must be provided to EEOC within 50 days of the anniversary of the Decree.

## V. NOTICE POSTING

Defendant shall conspicuously post at its Franklin, Tennessee, facility the notice (posters) required to be posted pursuant to the Americans with Disabilities Act of 1990. Furthermore, Defendant shall conspicuously post the notice attached to this Decree as Appendix A at its Franklin, Tennessee facility for one year commencing within ten (10) days after entry of this Decree by the Court. Defendant shall confirm in writing to EEOC within 30 days of the entry of the Decree that the Notice has been posted by the deadline and specifically where it has been posted.

## VI. INDIVIDUAL RELIEF

Defendant shall pay John Doe $75,000.00 as compensatory damages for his mental and emotional injuries and attorney's fees. Within twenty days after entry of the Decree, Defendant shall deliver a check for this amount, less appropriate withholding for Federal taxes, payable to Neal and Harwell trust account, on behalf of John Doe, to the offices of Neal and Harwell, PLC, One Nashville Place, Ste. 2000, 150 Fourth Avenue North, Nashville, TN 37219.

## VII. REPORTING

A.  Defendant will submit two reports to the Commission. The first report be submitted twelve months after the entry of the Decree and will describe any complaints of failure to maintain the confidentiality of medical information made to Defendant by employees or applicants for employment at its Franklin, Tennessee, call center during the time following the entry of the Decree. The report shall include the name of the complainant, the name of the alleged discriminator, a summary of the

complaint, the results of any investigation of the complaint, any action taken by Defendant in response to each complaint, and any how each complaint was resolved.

B. The second report will be submitted 30 months after the entry of the Decree and will provide the same information described in paragraph A above for the period from when the first report was submitted through the date the second report is submitted.

C. Each report will be submitted to Senior Trial Attorney, Steven W. Dills, at the address on the signature page of this Decree.

## VIII. COSTS

Each of the parties shall bear its own costs, including attorneys' fees.

**IT IS SO ORDERED THIS** 17th **DAY OF** September, **2008.**

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

## NOTICE

1.  This Notice to all employees of Ford Motor Credit Co. is being posted as part of the remedy agreed to between Ford Motor Credit Co. and the Equal Employment Opportunity Commission in settlement of a complaint of employment discrimination filed by an employee.

2.  Federal law (the Americans with Disabilities Act) prohibits discrimination against any employee because of the employee's physical or mental disability.

3.  Ford Motor Credit Co. supports and will comply with such Federal law in all respects and also will refrain from taking any action against employees because they have exercised their rights under Federal law by filing charges with the Equal Employment Opportunity Commission and/or testifying, assisting or participating in any manner in any investigation, proceeding or hearing under the Americans with Disabilities Act.

4.  The posting of this Notice by Ford Motor Credit Co. does not constitute an admission by Ford Motor Credit Co. of any violation of Federal law.

5.  This Notice shall be posted by Ford Motor Credit Co. for one year.

SIGNED this 4th day of September, 2008.

_Connie Bond_
**Ford Motor Credit Co.**

6587094.1 (OGLETREE)

| FOR DEFENDANT: | FOR THE COMMISSION: |
|---|---|
| | **RONALD S. COOPER**<br>General Counsel |
| *[signature]* Andrea Whisnant, Senior Attorney<br>Ford Motor Credit Company TN Bar # 012297 | **JAMES L. LEE**<br>Deputy General Counsel |
| | **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel |
| *[signature]*<br>**KEITH D. FRAZIER,** TN # 12413<br>Ogletree, Deakins, Nash,<br>Smoak & Stewart, P.C.<br>424 Church Street, Ste. 800<br>Nashville, Tennessee 37219<br>(615) 254-1900 | *[signature]*<br>**FAYE A. WILLIAMS**<br>Regional Attorney<br>TN Bar No. 11730<br>1407 Union Ave., Suite 901<br>Memphis, TN 38104<br>(901) 544-0088 |
| **FOR PLAINTIFF-INTERVENOR** | |
| *[signature]*<br>**PHILIP N. ELBERT,** TN # 9430<br>**LYNDSAY C. SMITH,** 24715<br>**KRISTEN V. DYER,** TN # 23610<br>Neal & Harwell, PLC<br>One Nashville Place, Ste. 2000<br>(615) 244-1714 | *[signature]*<br>**DEIDRE SMITH**<br>Supervisory Trial Attorney<br>TN Bar No. 018499<br>1407 Union Ave., Ste. 901<br>Memphis, TN 38104<br>(901) 544-0140 |
| *[signature]* Robert W. Rutherford by PNE<br>**ROBERT W. RUTHERFORD,** TN # 2908<br>Rutherford, Demarco & Simons<br>214 Second Avenue North, Ste. 400<br>Nashville, TN 37201-1647<br>(615) 256-6681 | *[signature]*<br>**STEVEN W. DILLS**<br>Trial Attorney<br>TN Bar No. 11970<br>1407 Union Ave., Ste. 901<br>Memphis, TN 38104<br>(901) 544-0136 |